**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED CAPITAL FUNDING GROUP, LLC, a wholly owned subsidiary of GULF COAST BANK & TRUST COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>REMARKABLE FOODS, LLC, *et al.*,<br><br>*Defendants*. | Civil Action No. 21-3291<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

      Presently before the Court is Defendant Remarkable Foods, LLC's ("Remarkable Foods") motion to dismiss the First Amended Complaint. D.E. 18. Plaintiff filed a brief in opposition, D.E. 21, to which Defendant replied, D.E. 22. Plaintiff also filed a sur-reply, D.E. 26, after obtaining leave from the Court, D.E. 24, 25. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

---

[1] Defendant's brief in support of its motion to dismiss (D.E. 18-1) will be referred to as "Def. Br."; Plaintiff's opposition (D.E. 21) will be referred to as "Plf. Opp."; Defendant's reply (D.E. 22) will be referred to as "Def. Reply", and Plaintiff's sur-reply (D.E. 26) will be referred to as "Plf. S. Reply".

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff United Capital Funding Group, LLC is in the factoring business, which involves purchasing accounts from other businesses.[2]  FAC ¶ 13.  On November 13, 2019, Plaintiff entered into an agreement ("the Factoring Agreement") with non-moving co-Defendant EG Munoz Construction LLC d/b/a EGM Builders LLC ("EGM").  *Id.* ¶ 14, Ex. A.  Pursuant to the Factoring Agreement, EGM offered to sell Plaintiff accounts arising from services that EGM provided to its customers.  *Id.* ¶ 15, Ex. A.  Remarkable Foods is a customer of EGM and entered into a contract with EGM for construction services.  FAC ¶¶ 17, 29.  EGM performed its construction services and issued invoices to Remarkable Foods.  *Id.* ¶¶ 30, 32, Exs. C, D.  Through the Factoring Agreement, Plaintiff purchased two of EGM's accounts with Remarkable Foods.  *Id.* ¶¶ 18, 32.

Pursuant to the Factoring Agreement, EGM grants a power of attorney to Plaintiff to, among other things, accept payments on accounts, notify the payor that the account has been assigned and that payment should be made directly to Plaintiff, and take necessary action to collect on the purchased accounts, including in Plaintiff's own name.  *Id.* ¶ 22.  After an event of default, the Factoring Agreement provides Plaintiff authorization to perform additional collection services.  *Id.* ¶ 23.  The Factoring Agreement also provides that "before sending any invoice to an Account Debtor, [EGM] shall mark the same with such notice of assignment as [Plaintiff] may require."  FAC ¶ 25, Ex. A § 12.3.

---

[2] The factual background is taken from Plaintiff's First Amended Complaint ("FAC") and the exhibits attached therein.  D.E. 13.  When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Moreover, Federal Rule of Civil Procedure 10(c) provides that "a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Thus, the Court considers the exhibits, which include pertinent contracts and related financial documents, in deciding the instant motion.

The two Remarkable Foods' accounts at issue here remain unpaid as to Plaintiff. *Id.* ¶¶ 18, 32. Plaintiff includes the invoices associated with the two accounts as exhibits to the FAC. *See* FAC, Exs. C, D. In accordance with the Factoring Agreement, both invoices contain the following language (the "Assignment Language"):

> All service that is being billed for is completed, correct, and the amount due is approved for payment in full by Remarkable Foods, Inc. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount due of the invoice to United Capital Funding Group LLC. Assigned and Payable to:
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

FAC ¶ 33, Exs. C, D.

Plaintiff alleges that Remarkable Foods received notice through the Assignment Language on the invoices that each account was assigned to Plaintiff. *Id.* ¶ 33. Plaintiff also sent Remarkable Foods a letter (the "Letter"), dated July 15, 2020, explaining that EGM had entered into an agreement with Plaintiff to manage EGM's accounts receivable and that EGM had assigned its accounts receivables to Plaintiff. *Id.* ¶ 34. The Letter further explains that all future payments to EGM should be directed to Plaintiff. *Id.* Plaintiff alleges that the Letter was delivered to Remarkable Foods on July 27, 2020.[3] *Id.* ¶ 35.

Both invoices state that payment was due on receipt. *Id.*, Exs. C, D. Plaintiff, however, has not received payment on either invoice. *Id.* ¶ 38. Plaintiff brought suit, by filing the initial Complaint in this matter, to recover the amounts due and owing from its purchased accounts. D.E. 1. Remarkable Foods filed a motion to dismiss the initial complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 11. As permitted under Federal Rule of Civil Procedure 15(a),

---

[3] While not ultimately relevant to the Court's analysis, Remarkable Foods denies receiving the Letter. Def. Reply at 4.

Plaintiff filed the FAC on July 1, 2021.  The FAC asserts five counts against Remarkable Foods; EGM; and Defendant Adam Wright, a Remarkable Foods employee.  D.E. 18.  Remarkable Foods subsequently filed the instant motion pursuant to Rule 12(b)(6).  D.E. 18.

## II.     STANDARD OF REVIEW

Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.  Moreover, under Rule 10(c), "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

## III.    ANALYSIS

### A. Count I – Breach of Contract

In Count I, Plaintiff asserts a breach of contract claim against Remarkable Foods for its failure to pay Plaintiff the amounts due on the EGM invoices.  Plaintiff contends that Remarkable

Foods was required to pay Plaintiff, as assignee under the Factoring Agreement. FAC ¶¶ 44-49. Remarkable Foods argues that Count I should be dismissed because it did not have notice of the assignment. As a result, Remarkable Foods maintains that it had no obligation to pay Plaintiff. Def. Br. at 6-10.

Plaintiff pleads that Remarkable Foods received notice of the assignment through the invoices and the Letter. FAC ¶¶ 33-35. Remarkable Foods contends that neither constitutes sufficient notice of the assignment. Def. Br. at 6-10. Pursuant to N.J. Stat. Ann. § 12A:9-406(a), New Jersey's adaption of U.C.C. § 9-406(a),

> Subject to subsections (b) through (i),[4] an account debtor on an account . . . may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

N.J. Stat. Ann. § 12A:9-406(a).[5] Remarkable Foods maintains that Section 12A:9-406(a) does not specify what constitutes sufficient notice or the required form of notice. Remarkable Foods, however, concedes that "[f]or notice to be sufficient under U.C.C. § 9-406, the account debtor must (1) 'receive notice that the amount due or to become due has been assigned,' and (2) be notified that 'payment is to be made to the assignee.'" Def. Br. at 6 (quoting *In re Haley*, 601 F. App'x 900, 911-12 (11th Cir. 2015)).

---

[4] The parties do not contend that subsections (b) through (i) are applicable to this matter.

[5] The parties appear to assume that New Jersey law applies. Seeing no clear reason to deviate from this assumption, the Court will apply New Jersey law. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

Here, both invoices include the amount due and contain the Assignment Language, which provides as follows:

> All service that is being billed for is completed, correct, and the amount due is approved for payment in full by Remarkable Foods, Inc. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount due of the invoice to United Capital Funding Group LLC. *Assigned and Payable to:*
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

FAC, Ex. C, D (emphasis added). With the words "assigned and payable to," the Assignment Language provides Remarkable Foods with notice that the amount due was assigned to Plaintiff and that Remarkable Foods should pay Plaintiff. Thus, in light Remarkable Foods's own authority, Def. Br. at 6, the invoices provide Remarkable Foods with adequate notice of the assignment.

Remarkable Foods argues that the Assignment Language is insufficient because it is, among other things, inconspicuous, in a small typeface and does not contain an explicit demand that Remarkable Foods make payments to Plaintiff. *Id.* at 8. Remarkable Foods further contends that numerous courts from other jurisdictions have found that similar language provided insufficient notice. *Id.* Neither the UCC nor New Jersey's statutory adoption have any requirements about placement of the notice or that the notice contain specific wording. Moreover, this argument raises fact issues that are not appropriate for a motion to dismiss. The Court notes that the language is directly under the one-line invoice reference on the bill. As pled, Plaintiff pleads that Remarkable Foods had notice of the assignment through the invoices.[6] Plaintiff,

---

[6] Because Plaintiff pleads that the invoices provided Remarkable Foods with notice of the assignment. The Court need not address whether the Letter also provided Remarkable Foods with notice. The Court, therefore, will not address the parties' arguments as to the Letter.

therefore, sufficiently pleads a breach of contract claim as to Remarkable Foods pursuant to N.J. Stat. Ann. § 12A:9-406(a). Remarkable Foods's motion to dismiss Count I is denied.

### B. Count II – Account Stated

Next, Remarkable Foods seeks to dismiss the account stated claim because it was never Plaintiff's creditor. Def. Br. at 10-12. "Account stated is a theory to recover the value of goods delivered or services rendered when there is an 'exact and definite balance . . . struck as to which both the creditor and the debtor assent.'" *Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *5 (D.N.J. Jan. 22, 2013) (quoting 29 Williston on Contracts § 73:56). A claim for account stated is similar to a breach of contract claim, "except that 'the amount owed for services rendered can be proved by a statement of account.'" *Id.* (quoting *Transmodal Corp. v. EMH Assocs., Inc.*, No. 09-3057, 2011 WL 124641, at *7 (D.N.J. Jan. 14, 2011)). Moreover, "[e]vidence of assent to an account stated may consist of express statements or inference from conduct." *World Express & Connection, Inc. v. Crocus Invs., LLC*, No. 15-8126, 2020 WL 5088633, at *22 (D.N.J. Aug. 28, 2020) (quoting *Harris v. Merlino*, 61 A.2d 276, 279 (N.J. 1948)). Silence may establish assent. *See* Restatement (Second) of Contracts, § 282 ("A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent.").

Here, Plaintiff's account stated claim is premised on the invoices. FAC ¶¶ 51-52. Remarkable Foods argues that it never entered into any agreement to pay Plaintiff for the amounts stated in the invoices, nor were Plaintiff and Remarkable Foods involved in any transactions. Rather, Plaintiff and EGM were parties to the relevant agreements, and EGM and Remarkable Foods were involved in the transactions at issue. Def. Br. at 10-11. But Remarkable Foods does not deny that it received the invoices. In any event, the critical issue is whether Plaintiff has

7

sufficiently alleged an exact and definite balance. Plaintiff has. In addition, Remarkable Foods's receipt alone may be enough to support an account stated claim. *See, e.g.*, *Razor Enters. Inc. v. Aexim USA Inc.*, No. 11-6788, 2015 WL 790558, at *3 (D.N.J. Feb. 24, 2015) (granting default judgment on account stated claim where the defendant did not dispute or pay invoices it received).

In addition, the Factoring Agreement provides Plaintiff with the right, in its own name, to take steps or bring actions "necessary or desirable to effect collection of . . . Purchaser's Accounts." FAC ¶ 22; *see also id.* ¶ 23 (explaining that Factoring Agreement permitted Plaintiff to bring a legal action in its own name to collect on accounts in default). N.J.S.A. § 12A:9-607(a) also provides as follows:

> If so agreed, and in any event after default, a secured party [Plaintiff]: . . .
>
> (3) may enforce the obligations of an account debtor [Remarkable Foods] or other person obligated on collateral and exercise the rights of the debtor [EGM] with respect to the obligation of the account debtor [Remarkable Foods] or other person obligated on collateral to make payment or otherwise render performance to the debtor [EGM], and with respect to any property that secures the obligation of the account debtor [Remarkable Foods] or other person obligated on the collateral

N.J.S.A. § 12A:9-607(a). The invoices were not yet paid when United Capital purchased the accounts from EGM under the Factoring Agreement. *Id.* ¶ 32. As a result, the Factoring Agreement permits Plaintiff to stand in EGM's place to enforce EGM's right to collect from Remarkable Foods. N.J.S.A. § 12A:9-607(a)(3) provides Plaintiff with the same rights.

Remarkable Foods does not challenge the language in the Factoring Agreement or N.J.S.A. § 12A:9-607(a)(3). Instead, Remarkable Food again argues that the assignment is invalid because it never received notice. Def. Br. at 11. For the reasons discussed above, this argument is rejected. Remarkable Foods also contends that Plaintiff's allegations demonstrate that no assignment had occurred at the time Remarkable Foods received each invoice. *Id.* This argument is based on

8

Plaintiff's allegation that EGM and Plaintiff arranged to include "on the face of each of the . . . Invoices additional language which sought to insure that before [Plaintiff] would purchase an account, Remarkable Foods . . . was asked to warrant and confirm" the Assignment Language. FAC ¶ 54. Even assuming this to be true, which the Court must do in deciding this motion to dismiss, receipt of the invoice alone may be enough to support Plaintiff's account stated claim. Moreover, once the accounts were assigned, the Factoring Agreement and N.J.S.A. § 12A:9-607(a)(3) permitted Plaintiff to enforce EGM's rights in collecting the debt. Accordingly, the Court concludes that Plaintiff sufficiently states an account stated claim. Remarkable Foods's motion is denied as to Count II.

### C. Count III – Breach of Warranties, Waiver, and/or Estoppel

In Count III, Plaintiff asserts a claim against Remarkable Foods alleging that it waived or is estopped from asserting defenses against Plaintiff. Count III is premised on the Assignment Language on each invoice. FAC ¶ 54. Plaintiff alleges that it arranged with EGM to have this language included in the invoices. *Id.* ¶¶ 25, 33; Ex. A § 12.3. Plaintiff also pleads that Remarkable Foods signed and acknowledged the language in both invoices. *Id.* ¶¶ 55-56. Plaintiff therefore concludes that through the Assignment Language, Remarkable Foods is equitably estopped from or waived its right to assert any defenses regarding payment to Plaintiff. *Id.* ¶ 58. Finally, Plaintiff seeks monetary damages under Count III, alleging that it has been damaged by Remarkable Foods's efforts to ignore or renege on its duty to act in accordance with the Assignment Language. *Id.* ¶ 60.

Remarkable Foods seeks to dismiss Count III on numerous grounds, including lack of consideration. Def. Br. at 13-14. Under the common law, waiver may be established through an agreement based on valuable consideration. *W. Jersey Title & Guar. Co. v. Indus. Trust Co.*, 141

A.2d 782, 787 (N.J. 1958).  In addition, N.J.S.A. § 12A:9-403(b) provides that a debtor and assignor may enter into an agreement "not to assert against an assignee any claim or defense that the account debtor may have against the assignor." N.J.S.A. § 12A:9-403(b).  Such an agreement may be enforceable by an assignee if the agreement is, among other things, for value and made in good faith.  *Id.*  Here, Plaintiff does not plead that Remarkable Foods received anything in value or other consideration from EGM or Plaintiff when it acknowledge the Assignment Language in either invoice.  Consequently, Plaintiff fails to adequately plead that the Assignment Language constituted an agreement through which Remarkable Foods waived any rights.

Remarkable Foods also contends that the affirmative defense of estoppel is not an independent cause of action for monetary relief.  Def. Br. at 14-16.  "The doctrine of equitable estoppel is designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to his detriment." *Bava v. Hamilton Farm Golf Club*, No. 08-5473, 2009 WL 2778108, at *3 (D.N.J. Aug. 28, 2009) (quoting *Knorr v. Smeal*, 836 A.2d 794, 799 (N.J. 2003)).  It is generally not "an independent cause of action and basis for money damages." *Id.*  Plaintiff provides no explanation as to why this matter should be an exception to the general rule.  As a result, the Court concludes that Plaintiff is not permitted to maintain an independent claim for estoppel as pled.

Because Plaintiff fails to sufficiently allege that Remarkable Foods waived or is equitably estopped from asserting any defense as to its failure to pay Plaintiff, Count III is dismissed.

### D. Count V – Negligent Misrepresentation[7]

In Count V, Plaintiff asserts a claim of negligent misrepresentation against Remarkable Foods. Plaintiff alleges that through the Assignment Language, Remarkable Foods negligently provided false information about making payments to Plaintiff, among other things. FAC ¶ 63. Remarkable Foods argues that Count V must be dismissed because Plaintiff fails to sufficiently allege that Remarkable Foods owed a duty of care to Plaintiff. Def. Br. at 16-17.

To establish a claim of negligent misrepresentation, a plaintiff must prove that "'(1) the defendant negligently provided false information; (2) the plaintiff was a reasonably foreseeable recipient of that information; (3) the plaintiff justifiably relied on the information; and (4) the false statements were a proximate cause of the plaintiff's damages.'" *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.,* No. 10-148, 2012 WL 209349, at *4 (D.N.J. Jan. 24, 2012) (quoting *McCall v. Metro. Life. Ins. Co.,* 956 F. Supp. 1172, 1186 (D.N.J. 1996)). A plaintiff must also establish that the alleged tortfeasor "breached a duty of care owed to a plaintiff." *Id.* (quoting *Highlands Ins. Co. v. Hobbs Grp.*, 373 F.3d 347, 351 (3d Cir. 2004)). Plaintiff alleges that Remarkable Foods owed it a duty of care through "a pecuniary interest in connection with providing United Capital with [the Assignment Language]." FAC ¶ 68. The Court is not aware of any case law demonstrating that a duty of care can arise solely on the basis of a pecuniary interest. Nor does Plaintiff identify any such case law. Consequently, Plaintiff fails to sufficiently plead that Remarkable Foods owed Plaintiff a duty. Count V, therefore, is dismissed.

---

[7] The FAC does not include a Count IV, which Plaintiff states is an inadvertent error. Plf. Opp. at 20 n.4.

11

### E. Count VI – Common Law Fraud

In Count VI, Plaintiff pleads a fraud claim against Remarkable Foods based on the Assignment Language. FAC ¶¶ 73-79. To prevail on a claim for common law fraud, a plaintiff must prove each of the following: (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). Moreover, where a claim alleges fraud, such pleadings are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Kare Distribution, Inc. v. Jam Labels & Cards LLC*, No. 09-969, 2009 WL 3297555, at *4 (D.N.J. Oct. 9, 2009). "[T]o satisfy Rule 9(b), plaintiffs must plead with particularity 'the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Id*.

Remarkable Foods maintains that Plaintiff fails to sufficiently plead fraud. Def. Br. at 20-24. The Court agrees. Plaintiff alleges that Remarkable Foods endorsed the Assignment Language with the intent that Plaintiff would rely upon Remarkable Food's alleged misrepresentations and that when Remarkable Foods made the representations it was aware of the factoring arrangement between Plaintiff and EGM. FAC ¶ 77. Plaintiff's allegation about reliance is conclusory. Outside of the allegation that Plaintiff "justifiably and reasonably relied" on the representation, the FAC does not include any specific allegations to substantiate Plaintiff's alleged

reliance. In fact, Plaintiff had already entered into the Factoring Agreement when Remarkable Foods received the invoices and Plaintiff does not allege that it purchased the Remarkable Foods's accounts because Remarkable Foods endorsed the Assignment Language. Because Plaintiff fails to sufficiently plead reliance, Plaintiff's fraud claim fails.

### IV. CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 14th day of January, 2022,

**ORDERED** that Defendant's motion to dismiss (D.E. 18) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's motion is **GRANTED** with as to Counts III, V, and VI, and these Counts of the FAC are **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended pleading that remedies the identified deficiencies. Plaintiff's amended pleading must be filed within thirty (30) days of the date of this Opinion & Order. If Plaintiffs fail to file an appropriate amended pleading within this time, the claims dismissed herein will be dismissed with prejudice; and it is further

**ORDERED** that Defendant's motion is otherwise **DENIED**.

John Michael Vazquez, U.S.D.J.