**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED CAPITAL FUNDING GROUP, LLC, a wholly owned subsidiary of GULF COAST BANK & TRUST COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>REMARKABLE FOODS, LLC, *et al*.,<br><br>*Defendants*. | Civil Action No. 21-3291<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is the motion of Defendant Remarkable Foods, LLC ("Remarkable Foods") to dismiss the Second Amended Complaint ("SAC"). D.E. 34. Plaintiff filed a brief in opposition, D.E. 39, to which Defendant replied, D.E. 40. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

   I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court set forth the factual background of this matter in its initial motion to dismiss opinion (the "January 14 Opinion"), D.E. 30, which the Court incorporates by reference here. Additional relevant facts are discussed in the Analysis section below.

---

[1] For purposes of this Opinion & Order, the Court refers to Defendant's brief in support of its motion to dismiss (D.E. 34-1) as "Def. Br."; Plaintiff's opposition (D.E. 39) as "Plf. Opp."; and Defendant's reply (D.E. 40) as "Def. Reply".

Briefly, Plaintiff United Capital Funding Group, LLC ("United Capital") is in the factoring business, which involves purchasing accounts from other businesses.² SAC ¶ 13. Plaintiff and non-moving co-Defendant EG Munoz Construction LLC d/b/a EGM Builders LLC ("EGM") were parties to the Factoring Agreement, through which EGM offered to sell Plaintiff accounts arising from services that EGM provided to its customers. *Id.* ¶¶ 14-15, Ex. A. Defendant was a customer of EGM, and these entities were parties to a separate contract regarding general contracting services. SAC ¶¶ 17, 29. Through the Factoring Agreement, Plaintiff purchased two of EGM's accounts with Remarkable Foods. *Id.* ¶¶ 18, 32.

In accordance with the Factoring Agreement, EGM's invoices to Remarkable Foods for the two purchased accounts contained the following language (the "Assignment Language"):

> All service that is being billed for is completed, correct, and the amount due is approved for payment in full by Remarkable Foods, Inc. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount due of the invoice to United Capital Funding Group LLC. Assigned and Payable to:
>
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

FAC ¶ 33, Exs. C, D. To date, Plaintiff has not received payment on either invoice. *Id.* ¶ 38.

Plaintiff filed its initial Complaint to recover the amounts due and owing from its purchased accounts. D.E. 1. Remarkable Foods filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 11. As permitted under Federal Rule of Civil Procedure 15(a), Plaintiff filed the First Amended Complaint ("FAC") on July 1, 2021. The FAC asserts five counts against

---

² The factual background is taken from the SAC and the exhibits attached therein. D.E. 31. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Moreover, Federal Rule of Civil Procedure 10(c) provides that "a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, the Court also considers the exhibits, which include pertinent contracts and related financial documents.

2

Remarkable Foods, EGM, and Adam Wright, a Remarkable Foods employee. D.E. 13. Remarkable Foods subsequently filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 18. This Court granted Defendant's motion and dismissed Plaintiff's claims for waiver or estoppel as to asserting defenses (Count III), negligent misrepresentation (Count V) and fraud (Count VI). Jan. 14 Opinion at 9-13. The Court, however, provided Plaintiff with leave to file an amended pleading to remedy the identified deficiencies. *Id.* at 13. The Court otherwise denied Defendant's motion. *Id.* at 4-9.

On February 11, 2022, Plaintiff filed the SAC. D.E. 31. Remarkable Foods subsequently filed the instant motion, seeking to dismiss Counts III through VI pursuant to Rule 12(b)(6). D.E. 34. Count III alleges a violation of N.J. Stat. Ann. §§ 12A:9-403 and 2A:25-1, Count IV asserts a claim for promissory estoppel, Count V asserts a claim for negligent misrepresentation, and Count VI asserts a claim for common law fraud. *Id.*

## II.   STANDARD OF REVIEW

Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of

3

the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### A. Count III

In Count III of the FAC, Plaintiff asserted a claim alleging that Remarkable Foods agreed or was estopped from asserting certain affirmative defenses, although it appeared to be based on common law. FAC ¶¶ 53-60. In dismissing Count III, the Court recognized that waiver could be established through an agreement based on valuable consideration but concluded that Plaintiff failed to plead that Remarkable Foods received consideration. Jan. 14 Opinion at 10. The Court also acknowledged that waiver may be established pursuant to N.J. Stat. Ann. § 12A:9-403(b). *Id.* Now, in Count III of the SAC, Plaintiff relies on N.J. Stat. Ann. § 12A:9-403 to allege that Remarkable Foods waived its right to assert defenses in connection with the amounts due. Plaintiff further alleges that N.J. Stat. Ann. § 12A:2-209 precludes Remarkable Foods' ability to withdraw or retract its waiver. SAC ¶¶ 54, 56.

Remarkable Foods seeks to dismiss Count III because Plaintiff does not plead that it received any consideration in exchange for acknowledging the Assignment Language. Def. Br. at 4. Plaintiff maintains that under N.J. Stat. Ann. § 12A:9-403, the value given to the assignor, here EGM, not the account debtor must be established. Plaintiff continues that it accepted the assignment of the invoices from EGM for value, thus satisfying the "for value or other consideration" requirement of N.J. Stat. Ann. § 12A: 9-403(a) and (b) and points to allegations in the SAC to substantiate its argument. Plf. Opp. at 4-5.

N.J. Stat. Ann. § 12A:9-403(b)[3] provides that

> an agreement between an account debtor and an assignor not to assert against the assignee any claim or defense that the account debtor may have against the assignor is enforceable by an assignee that takes an assignment:
>
> (1) for value;
> (2) in good faith;
> (3) without notice of a claim of a property or possessory right to the property assigned; and
> (4) without notice of a defense or claim in recoupment of the type that may be asserted against a person entitled to enforce a negotiable instrument under 12A:3-305a

N.J. Stat. Ann. § 12A:9-403(b). Thus, there are two agreements at play. Plaintiff is correct that there must be consideration for the assignment between an assignor (EGM) and assignee (United Capital). But, an agreement between the debtor (Remarkable Foods) and assignor (EGM) to not assert defenses must also exist. Like the FAC, the SAC fails to sufficiently allege that there was a valid agreement between EGM and Remarkable Foods regarding Remarkable Foods' ability to asserts defenses. This omission appears to run afoul of the plain language of the statute.

The parties, however, appear to agree that Remarkable Food's acknowledgment of the Assignment Language could constitute an agreement between EGM and Remarkable Foods to waive defenses. *See* Def. Br. at 4. Because the parties do not dispute that this may be an agreement, the Court assumes, without deciding, that this the Assignment Language amounts to such an agreement. "As a basic premise, . . . no contract is enforceable without the flow of consideration." *Oscar v. Simeonidis*, 800 A.2d 271, 276 (N.J. Super. Ct. App. Div. 2002) (quoting *Cont'l Bank of Pa. v. Barclay Riding Acad., Inc.*, 459 A.2d 1163, 1171 (1983)) (internal punctuation omitted); *see also* N.J. Stat. Ann. § 12A:3-303(b) (explaining that "[t]he drawer or

---

[3] N.J. Stat. Ann. § 12A:9-403(a) defines the word "value".

5

maker of an instrument has a defense if the instrument is issued without consideration"). Yet, Plaintiff also does not plead that Remarkable Foods received anything in value or any other consideration from EGM or Plaintiff as to the Assignment Language. Without consideration, Plaintiff fails to adequately plead that the Assignment Language was an agreement through which Remarkable Foods waived any defenses.

Plaintiff contends that *Madison Financial, LLC v. Hunts Point Cooperative Market, Inc.*, No. 01-3830, 2008 WL 724362 (D.N.J. Mar. 17, 2008) supports its argument. Plf. Opp. at 8-11. *Madison Financial* also involved a factoring agreement, and whether the debtor waived the right to assert defenses through notices of purchase that acknowledged certain amounts were due and verified the amounts. Based on testimony during trial, the court determined that there was consideration, such that the notices of purchases constituted valid contracts. *Madison Fin., LLC*, 2008 WL 724362, at *11-13. Thus, *Madison Financial* is distinguishable. As discussed, Plaintiff fails to adequately plead that there was consideration between Remarkable Foods and EGM. Plaintiff, therefore, fails to state a claim in Count III.[4]

### B. Count IV

In Count IV, Plaintiff asserts a promissory estoppel claim against Remarkable Foods. Plaintiff alleges that the Assignment Language amounted to a promise by Remarkable Foods, SAC ¶¶ 59, 61, that Remarkable Foods was aware that Plaintiff would rely on the promise when making advances to EGM, *id.* ¶ 60, and that United Capital reasonably relied on the promises, *id.* ¶¶ 62-63. Defendant first argues that Plaintiff's promissory estoppel claim must be dismissed because

---

[4] In its opposition brief, Plaintiff states that it inadvertently failed to expressly incorporate allegations that appear in Count IV of the SAC into Count III and asks the Court to consider these allegations with respect to Count III. Plf. Opp. at 6 n.3. The allegations, however, pertain to whether United Capital provided value to EGM in exchange for taking the assignments. *Id.*

in the January 14 Opinion, the Court explained that Plaintiff could not assert an affirmative claim based on the defense of equitable estoppel. *See* Jan. 14 Op. at 10. But New Jersey law permits a party to assert a stand-alone claim under the doctrine of promissory estoppel. *See Pop's Cones, Inc. v. Resorts Int'l Hotel, Inc.*, 704 A.2d 1321, 1324 (N.J. Super. Ct. App. Div. 1998). Consequently, Plaintiff's claim is permissible.

Remarkable Foods also maintains that Plaintiff does not establish the existence of a clear and definite promise by Remarkable Foods. Def. Reply at 4. To state a claim for promissory estoppel, Plaintiff must establish (1) a clear and definite promise, (2) made with the expectations that the promisee will rely on it, (3) reasonable reliance, and (4) definite and substantial detriment. *Scagnelli v. Schiavone*, 538 F. App'x 192, 194 (3d Cir. 2013) (citing *Toll Bros., Inc. v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 944 A.2d 1, 19 (N.J. 2008)). Plaintiff contends that because the Assignment Language was in small, inconspicuous typeface, it cannot amount to a clear and definite promise. Def. Reply at 4. Remarkable Foods made a similar argument about the size and placement of the Assignment Language in seeking to dismiss the breach of contract claim in the FAC. This Court denied Remarkable Foods' argument because it raised fact issues that were not appropriate for resolution on a motion to dismiss. Jan. 14 Op. at 6. Moreover, in considering whether a promise was clear and definite for a promissory estoppel claim, New Jersey courts "have tended to relax strict adherence . . . for determining whether a *prima facie* case for promissory estoppel exists" in favor of a more equitable approach. *Pop's Cones, Inc.*, 704 A.2d at 1325-27. Given the factual issues at play, and because promissory estoppel is a form of equitable relief, the Court concludes that Plaintiff sufficiently pleads that there was a clear and definite promise at this time. As a result, Defendant's motion is denied with respect to Count IV.

### C. Count V

Remarkable Foods next seeks to dismiss Plaintiff's claim for negligent misrepresentation because Plaintiff fails to sufficiently allege that it owed a duty of care. Def. Br. at 4-5. The Court agrees. To establish a claim of negligent misrepresentation, a plaintiff must plead, among other things, that the alleged tortfeasor "breached a duty of care owed to a plaintiff." *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.,* No. 10-148, 2012 WL 209349, at *4 (D.N.J. Jan. 24, 2012) (quoting *Highlands Ins. Co. v. Hobbs Grp.*, 373 F.3d 347, 351 (3d Cir. 2004)). Further, the duty of care must be separate from what the defendant owes the plaintiff under a contract. *Atlas Acquisitions, LLC v. Porania, LLC*, No. 18-cv-17524, 2019 WL 6130774, at *5 (D.N.J. Nov. 19, 2019) (quoting *S. Broward Hosp. Dist. v. MedQuist Inc.*, 516 F. Supp. 2d 370, 396 (D.N.J. 2007), aff'd in part, 258 F. App'x 466 (3d Cir. 2007)).

This Court dismissed Plaintiff's negligent misrepresentation claim in the FAC because Plaintiff failed to plead that Remarkable Foods owed it a duty. Jan. 14 Op. at 11. Now, Plaintiff largely reiterates that same argument it made as to the FAC. Critically, Plaintiff fails to identify any new allegations in the SAC that plausibly indicate that Remarkable Foods owed a duty. Thus, Plaintiff's negligent misrepresentation claim is dismissed for the same reasons discussed in the January 14 Opinion.

### D. Count VI

Finally, Remarkable Foods argues that Plaintiff's fraud claim must be dismissed because the SAC fails to include sufficient facts as to reliance. Def. Br. at 5-6. To state a claim for common law fraud, a plaintiff must plead that it reasonably relied on a material misrepresentation of fact, among other things. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). This Court dismissed the fraud claim in the FAC because Plaintiff's allegations about reliance were

8

conclusory. Jan. 14 Op. at 12. Now, Plaintiff alleges that Remarkable Foods knew that United Capital would rely upon the Assignment Language on the invoices as a condition to making advances to EGM under the Factoring Agreement. Plaintiff further pleads that it relied on the Assignment Language when it purchased the accounts at issue, that it would not have purchased the accounts without the language, and that it then made advances to EGM. SAC ¶¶ 61-63.[5] These allegations, including that United Capital made advances because of the promises, SAC ¶ 63, did not appear in the FAC, and are sufficient to plead reasonable reliance at the motion to dismiss stage. As a result, Defendant's motion to dismiss is denied with respect to Count VI.

## IV.   CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 14th day of July, 2022,

**ORDERED** that Defendant's motion to dismiss (D.E. 34) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's motion is **GRANTED** as to Counts III and V and these counts of the SAC are **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended pleading that remedies the identified deficiencies. Plaintiff's amended pleading must be filed within thirty (30) days of the date of this Opinion & Order. If Plaintiff fails to file an appropriate amended pleading within this time, the claims dismissed herein will be dismissed with prejudice; and it is further

---

[5] In its opposition brief, Plaintiff also states that it failed to include factual allegations that appear in Count IV into its fraud claim in Count VI. Again, Plaintiff asks the Court to consider these allegations when considering whether it states a fraud claim. Plf. Opp. at 22 nn. 6, 7. In Count VI, Plaintiff "realleges and readopts" its earlier allegations "as if fully realleged herein." SAC ¶ 75. Accordingly, the Court considered the factual allegations in Count IV.

9

**ORDERED** that Defendant's motion is otherwise **DENIED**.

_____
John Michael Vazquez, U.S.D.J.