**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED CAPITAL FUNDING GROUP, LLC, a wholly owned subsidiary of GULF COAST BANK & TRUST COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>REMARKABLE FOODS, LLC, *et al.*,<br><br>*Defendants*. | Civil Action No. 21-3291<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

In this Opinion & Order, the Court addresses the following motions: (1) Defendant Adam Wright's partial motion to dismiss the Fourth Amended Complaint ("FAC"), D.E. 107; and (2) Plaintiff United Capital Funding Group, LLC's ("United Capital") motion to dismiss Count I of Defendant Wonder Group Inc.'s ("Wonder Group") Amended Counterclaim, D.E. 80. The Court reviewed the parties' submissions[1] and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, both partial motions to dismiss are **GRANTED**.

---

[1] For purposes of this Opinion & Order, the Court refers to Defendant Wright's brief in support of his motion to dismiss (D.E. 108) as "MTD Br."; Plaintiff's opposition (D.E. 114) as "MTD Opp."; and Defendant's reply (D.E. 115) as "MTD Reply". The Court refers to United Capital's motion to dismiss the counterclaim (D.E. 80) as "Counterclaim Br."; and Wonder Group's opposition brief (D.E. 113) as "Counterclaim Opp."

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court set forth the factual background of this matter in its initial motion to dismiss opinion (the "January 14 Opinion"), D.E. 30, which the Court incorporates by reference here. Additional relevant facts are discussed in the Analysis section below.

Briefly, Plaintiff is in the factoring business, which involves purchasing accounts from other businesses.[2] FAC ¶ 13. Plaintiff and non-moving Defendant EG Munoz Construction LLC d/b/a EGM Builders LLC ("EGM") were parties to the Factoring Agreement, through which EGM offered to sell Plaintiff accounts arising from services that EGM provided to its customers. *Id.* ¶¶ 14-15, Ex. A. Defendant Wonder Group (formerly known as Remarkable Foods LLC) was a customer of EGM, and these entities were parties to a separate contract regarding general contracting services. FAC ¶¶ 17, 29. Through the Factoring Agreement, Plaintiff purchased two of EGM's accounts with Wonder Group. *Id.* ¶¶ 18, 32. United Capital, however, has not received payment from Wonder Group for the two accounts. *Id.* ¶ 38.

Plaintiff filed its initial Complaint to recover the amounts due and owing from its purchased accounts. D.E. 1. Wonder Group filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 11. As permitted under Federal Rule of Civil Procedure 15(a), Plaintiff filed the First Amended Complaint on July 1, 2021. In the amended pleading, United Capital asserted five counts against Wonder Group, EGM, and Adam Wright, a Wonder Group employee. D.E. 13. Wonder Group subsequently filed a motion to dismiss the First Amended Complaint

---

[2] The factual background is taken from the FAC and the exhibits attached therein. D.E. 104. When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Moreover, Federal Rule of Civil Procedure 10(c) provides that "a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, the Court also considers the exhibits, which include pertinent contracts and related financial documents.

pursuant to Federal Rule of Civil Procedure 12(b)(6).  D.E. 18.  This Court granted Wonder Group's motion and dismissed Plaintiff's claims for waiver or estoppel as to asserting defenses (Count III), negligent misrepresentation (Count V) and fraud (Count VI).  Jan. 14 Opinion at 9-13.  The Court, however, provided Plaintiff with leave to file an amended pleading to remedy the identified deficiencies.  *Id.* at 13.  The Court otherwise denied Wonder Group's motion.  *Id.* at 4-9.

Plaintiff filed its Second Amended Complaint ("SAC"), D.E. 31, and Wonder Group subsequently filed another motion to dismiss, seeking to dismiss Counts III through VI of the SAC pursuant to Rule 12(b)(6).  D.E. 34.  Count III alleges a violation of N.J. Stat. Ann. §§ 12A:9-403 and 2A:25-1; Count IV asserts a claim for promissory estoppel; Count V asserts a claim for negligent misrepresentation; and Count VI asserts a claim for common law fraud.  *Id.*  This Court partially granted Wonder Group's motion, dismissing Counts III and V.  D.E. 41.  The Court also provided Plaintiff with leave to file an amended pleading to remedy the deficiencies.  *Id.* at 9.

Plaintiff filed the Third Amended Complaint ("TAC") on August 12, 2022.  In the TAC, Plaintiff asserts Counts I through IV only as to Wonder Group.  In Count V, Plaintiff asserts a fraud claim against Wonder Group and Defendant Adam Wright.  TAC ¶¶ 70-76, D.E. 43.  Defendant Wright filed a motion to dismiss the fraud claim.  D.E. 72.  United Capital then filed a motion seeking leave to amend the fraud claim, D.E. 82, which Judge Almonte granted, D.E. 103.  Plaintiff filed the FAC on June 27, 2023, D.E. 104, and Wright filed the instant motion, D.E. 107.  Again, Wright seeks to dismiss the fraud claim asserted against him.

In addition, Wonder Group filed counterclaims and a third-party complaint, asserting multiple claims against EGM, United Capital, and third-party Defendants Michael Espinosa, David Munoz and Skip Curcio (the "Individual Defendants").  D.E. 71.  Through its motion to

3

dismiss, United Capital seeks to dismiss Wonder Group's conspiracy claim, which is the only counterclaim asserted against United Capital.[3]  Counterclaim Br. at 12-17.

## II.  STANDARD OF REVIEW

Wonder Group and United Capital both seek to dismiss for failure to state a claim upon which relief can be granted.  "Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint."  *RBC Bank (USA) v. Petrozzini*, No. 12-155, 2012 WL 1965370, at *2 (D.N.J. May 31, 2012).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.

---

[3] This Court administratively terminated United Capital's motion to dismiss the counterclaim after Plaintiff filed the FAC.  In terminating the motion, the Court explained that United Capital could file a new motion or a letter seeking to reinstate the motion after Wonder Group filed its answer to the FAC.  D.E. 105.  Although Wonder Group filed an amended answer in response to the FAC, it did not amend its Counterclaims and Third-Party Complaint.  Consequently, United Capital asked this Court to reinstate its prior motion to dismiss the Counterclaim and the Court granted this request.  D.E. 112.

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries*, LLC, 812 F.3d 294, 307 (3d Cir. 2016); *see also Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (explaining that "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007))). This heightened standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

### III.   ANALYSIS

#### A.   Count V of the FAC

In Count V, United Capital alleges that Wonder Foods and Wright made material misrepresentations on each of the Matured and Unpaid Invoices. FAC ¶¶ 79-81. Wright argues that Plaintiff does not adequately plead he had a role in making the alleged misrepresentations or had knowledge of the falsity. MTD Br. at 5-7. To prevail on a claim for common law fraud, a plaintiff must prove each of the following: (1) a material misrepresentation of fact; (2) knowledge

or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997).[4] United Capital attaches the invoices as exhibits to the FAC. Wright's name, signature and title appear on the first page of both invoices under the following statement:

> All service that is being billed for is completed, correct, and the amount due is approved for payment in full by Remarkable Foods, Inc. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount due of the invoice to United Capital Funding Group LLC. Assigned and Payable to:
>
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

*See* TAC, Exs. C at 1, D at 1. United Capital alleges that this statement, on both invoices, is a misrepresentation. FAC ¶¶ 71-72. Moreover, United Capital pleads that Wonder Group and Wright made these statement. *Id.* ¶ 72. As discussed, through Rule 10(c), the invoices are considered part of the pleading. Fed. R. Civ. P. 10(c). Thus, through United Capital's specific allegations and considering the invoices themselves, United Capital adequately alleges that Wright made the alleged misrepresentations.

But United Capital simply pleads that "Wright and [Wonder Group] knew and/or believed that the Representations [in the invoices] were false when made." FAC ¶ 73. Although knowledge is not subject to the heightened pleading standard of Rule 9(b), United Capital does not include any allegations to substantiate this single conclusory allegation. Therefore, United Capital's allegation as to knowledge does not even satisfy the basic pleading requirement of Rule 8. Because

---

[4] The parties apply New Jersey law to support their arguments. Seeing no clear reason to deviate from the parties, the Court applies New Jersey law to decide the motions. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

United Capital fails to include substantiating allegations as to Wright's knowledge, United Capital fails to state a fraud claim as to Wright. Count V, therefore, is dismissed as to Wright.

### B. Count I of the Counterclaims

Wonder Group alleges in Count I of the Counterclaims that United Capital, EGM, and the Individual Defendants were involved in a civil conspiracy intended to force Wonder Group to pay the relevant invoices twice. Counterclaims ¶¶ 34-45. United Capital contends that this claim is not plausibly pled. Counterclaim Br. at 14-15. Under New Jersey law, civil conspiracy has four elements: "'(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages.'" *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 390 (D.N.J. 2016) (quoting *Morganroth & Morganroth v. Norris, McLaughlin & Marcus*, 331 F.3d 406, 414 (3d Cir. 2003)); *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005). "In addition, one of the parties must commit some act that is itself a tort in pursuance of the agreement. Mere agreement to do an act can never alone amount to a tort." *Delzotti v. Morris*, No. 14-7223, 2015 WL 5306215, at *7 (D.N.J. Sept. 10, 2015) (internal citations and quotations omitted).

United Capital first argues that Wonder Group fails to plead that an agreement existed. Counterclaim Br. at 15. The Court disagrees. Wonder Group alleges that "[u]pon information and belief, United Capital and [EGM] have established a common understanding and engaged in a course of conduct that involves attempting to force construction project owners into paying twice for work that is not actually completed." Counterclaims ¶ 27. Parties "may plead facts based upon 'information and belief,'" but they must "set forth the 'specific facts upon which the belief is reasonably based.'" *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 488 (D. Del.

2010) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009)).  To support its upon information and belief allegation here, Wonder Group pleads that when it received EGM's invoices in 2020 it paid EGM instead of United Capital and that EGM retained the funds.  *Id.* ¶¶ 23-26.  EGM also failed to inform Wonder Group that the payment should have been sent to United Capital.  *Id.* ¶¶ 24, 26.  Moreover, Wonder Group pleads that United Capital and EGM engaged in a similar scheme for other construction projects.  For each project, EGM has kept the money that allegedly should have been paid to United Capital and United Capital has initiated lawsuits to recover the money it was purportedly entitled to receive.  *Id.* ¶¶ 27-31.  At the motion to dismiss stage, these allegations sufficiently establish the alleged agreement.

Next, United Capital maintains that Wonder Group's conspiracy claim fails because Wonder Group does not adequately plead that it engaged in an underlying tort.  Counterclaim Br. at 15-16.  Wonder Group explains that its conspiracy claim is based on an alleged fraudulent omission.  Specifically, that EGM and the Individual Defendants intentionally omitted the fact that Wonder Group should have made payment to United Capital.  Counterclaim Opp. at 7.  To state a claim for fraudulent concealment, a plaintiff must plead, amongst other things, "a legal obligation to disclose."  *Rosenblit v. Zimmerman*, 766 A.2d 749, 757 (N.J. 2001).  Wonder Group does not plead that any party had a legal duty to disclose that Wonder Group should have paid United Capital.  Moreover, the Court is not aware of any legal authority that would impose such a duty upon parties to an arm's length transaction.  Without a duty to disclose, Wonder Group fails to state a fraudulent omission or concealment claim.

Wonder Group counters that it pleads a claim for conversion as to EGM.  Counterclaim Opp. at 6-7.  Conversion is the "wrongful exercise of dominion or control over property of another without authorization and to the exclusion of the owner's rights in that property."  *City of Atlantic*

*City v. Zemurray St. Capital, LLC*, No. 14-5169, 2017 WL 6638203, at *17 (D.N.J. Dec. 29, 2017) (quoting *Chi. Title Ins. Co. v. Ellis*, 978 A.2d 281, 288 (N.J. Super. Ct. App. Div. 2009)) (internal quotation marks omitted).  Under New Jersey law, the elements of conversion are "(1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." *Id.*  Wonder Group argues that it pleads a conversion claim because although it sent payment to EGM, EGM had no right to those funds because of the Factoring Agreement.  Wonder Group further argues that it had the right to immediate possession of the funds.[5]  Counterclaim Opp. at 7.  But Wonder Group pleads that United Capital had the right to the funds through the Factoring Agreement.  Counterclaims ¶ 40.  Wonder Group cannot amend its pleading through its opposition brief.  *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)).  As a result, Wonder Group fails to plead a conversion claim.  Without pleading an underlying tort, Wonder Group's civil conspiracy claim fails.[6]  Consequently, Count One of the Counterclaims is dismissed.

## IV.   CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 5th day of September, 2023,

---

[5] Although Wonder Group also alludes to the idea that EGM wrongfully interfered with United Capital's right to possess the funds, Counterclaim Opp. at 7, this allegation is inconsistent with Wonder Group's overarching theory of conspiracy between EGM and United Capital.  There cannot be wrongful interference by EGM vis-à-vis United Capital if United Capital was attempting to further the conspiracy.

[6] While not raised by United Capital, it appears that Wonder Group also fails to plead special damages.

**ORDERED** that Defendant Adam Wright's partial motion to dismiss (D.E. 107) is **GRANTED** and Count V of the Fourth Amended Complaint is **DISMISSED without prejudice** as to Wright; and it is further

**ORDERED** that Counterclaim Defendant United Capital Funding Group's partial motion to dismiss (D.E. 80) is **GRANTED** and Count One of the Counterclaims is **DISMISSED without prejudice**; and it is further

**ORDERED** that Wright and United Capital are granted leave to file an amended pleading that remedies the identified deficiencies.  Any amended pleading must be filed within thirty (30) days of the date of this Opinion & Order.  If either party fails to file an appropriate amended pleading within this time, the respective claims dismissed herein will be dismissed with prejudice.

_____
John Michael Vazquez, U.S.D.J.